[No. 20404.    Department Two.    April 4, 1927.]

C. A. CROWL, as Receiver etc., Respondent, v. S. B. ASIA et al., Appellants.[1]

Appeal from a judgment of the superior court for King county, Davidson, J., entered May 17, 1926, upon findings in favor of the plaintiff, in an action to recover unpaid stock subscriptions. Affirmed.

*Bullitt & Kahin* and *Robbins & Rickles,* for appellants.
*Battle, Hulbert & Helsell,* for respondents.

PARKER, J.—The plaintiff, Crowl, as receiver of the insolvent bakeries corporation, seeks recoveries from the defendants, S. B. Asia, Herman Mosler, Harry Mosler, and F. August Gerhardt, upon their respective alleged unpaid subscriptions for the capital stock of that corporation; such recoveries being sought in the interest of creditors. A trial upon the merits in the superior court for King county resulted in findings and judgments awarding recovery against each of the defendants in a stated sum, from which the defendants, S. B. Asia and Herman Mosler, have appealed to this court.

For some years prior to April, 1923, Herman and Harry Mosler had been engaged in the bakery business in Seattle. Their company, it being incorporated, had become insolvent and ceased business at that time, requiring liquidation in the interest of its creditors. Soon thereafter appellant Asia became interested in that liquidation and caused to be brought about a settlement with the creditors on the basis of twenty-five cents on the dollar. He did this in cooperation with the Moslers, looking to the acquiring of the plant of that company with a view of organizing a new bakery corporation. Asia thereby became the owner of the property and plant of that corporation, and in July, 1923, caused to be incorporated the Sunshine

[1]Reported in 253 Pac. 597.

Bakeries Corporation. All of the stock of this new corporation was subscribed for as follows:

| | | |
|---|---|---|
| S. B. Asia...........subscribed for 849 shares, | $84,900.00 |
| Herman Mosler ......subscribed for 75 shares, | 7,500.00 |
| Harry Mosler ........subscribed for 75 shares, | 7,500.00 |
| F. August Gerhardt..subscribed for 1 share, | 100.00 |

Total subscriptions ...........1,000 shares, $100,000.00

Asia claims to have paid his stock subscription in full by turning over to the corporation the property and plant of the former corporation acquired by him. Appellant Mosler claims to have paid his stock subscription in full by bringing into the new corporation good-will in the form of his personal experience and bakery trade prestige.

In October, 1923, approximately only three months after the commencement of the new business, evidence of its impending failure appeared. However, it continued for a short time, and in December, 1923, became wholly insolvent; whereupon respondent Crowl, at the suit of creditors, was by the superior court for King county, duly appointed receiver for the purpose of reducing the corporation's assets to money and paying its creditors. The assets of the corporation, other than unpaid stock subscriptions, being reduced to money and it appearing that the debts could only be partially satisfied thereby, and Crowl being of the opinion that the stock subscriptions had not been paid, or in any event not more than partially paid, upon due application, he was authorized by the superior court to commence this action against these four defendant stock subscribers and seek recovery against them upon their respective stock subscriptions. The action being commenced, it proceeded to trial and resulted in judgment against S. B. Asia in the sum of $7,189.40, against Herman Mosler in the sum of $1,545, against Harry Mosler in the sum of $1,545, and against F. August Gerhardt in the sum of $20.60; these several amounts being 20.5% upon the balance found to be due upon each of their respective stock subscriptions, the total of these judgments being approximately the amount necessary, above the amount in the hands of the receiver, to satisfy the claims of creditors and the expense of winding up the receivership.

There is nothing involved in this case calling for serious consideration other than two main questions of fact; one, the value of the property and plant turned over to the corporation by appellant Asia in payment of his stock subscription, and two, the value of the alleged good-will turned over to the corporation by appellant Mosler in payment of his stock subscription. As to the value of the property and plant turned over by Asia in payment of his stock subscription, the trial court found that such property was, at the time of being turned over, worth not to exceed $50,000, and that therefore there was an unpaid balance on Asia's stock subscription of $34,900. A painstaking

reading of all of the evidence bearing upon that question convinces us that it well supports that conclusion reached by the trial court. As to the value of the alleged good-will brought into the new corporation by appellant Mosler, which it is conclusively shown, indeed conceded, as being all that he ever paid upon his stock subscription, an equally painstaking reading of all of the evidence touching this question also convinces us that the trial court was right in finding that appellant Mosler paid nothing of value upon his stock subscription.

We do not feel called upon to set forth or analyze in this opinion the voluminous evidence introduced upon the trial, deeming it sufficient to say that we are well satisfied that the findings and conclusions reached by the trial court in favor of the creditors should not be disturbed by us. No question of law is here involved subject to serious controversy. Our decision in *Lantz v. Moeller*, 76 Wash. 429, 136 Pac. 687, 50 L. R. A. (N. S.) 68, and the earlier decisions therein cited and followed, constitute the governing law of the case.

The judgments are affirmed.

MACKINTOSH, C. J., ASKREN, and TOLMAN, JJ., concur.